UNITED STATES COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WI-LAN INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| RESEARCH IN MOTION CORPORATION, | § | Civil Action No. 2:08-cv-247-TJW |
| RESEARCH IN MOTION LTD., | § | |
| MOTOROLA, INC., AND UTSTARCOM, | § | JURY TRIAL REQUESTED |
| INC. | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## THIRD AMENDED COMPLAINT

Plaintiff Wi-LAN Inc. ("Wi-LAN") files this Third Amended Complaint for patent infringement against Defendants Motorola, Inc. ("Motorola"), UTStarcom, Inc. ("UTStarcom"), LG Electronics Mobilecomm U.S.A., Inc., LG Electronics, Inc. (collectively, "LG,"), and Personal Communications Devices, LLC ("Personal Communications Devices"), for infringement of U.S. Patent No. RE37,802 ("the '802 Patent") and U.S. Patent No. 5,282,222 ("the '222 Patent") pursuant to 35 U.S.C. § 271. A copy of the '802 Patent is attached hereto as Exhibit A. A copy of the '222 Patent is attached hereto as Exhibit B.

## PARTIES

1. Plaintiff Wi-LAN is a corporation existing under the laws of Canada with its principal place of business at 11 Holland Ave., Suite 608, Ottawa, Ontario, Canada.

2. Upon information and belief, Defendant Motorola is a Delaware Corporation with its principal place of business at 1303 E. Algonquin Rd., Schamburg,

Illinois 60196.  Motorola manufactures for sale and/or sells mobile handsets and/or other products compliant with the CDMA2000 standard and/or the 802.11 standards.  Motorola may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas  75201.

3. Upon information and belief, Defendant UTStarcom, Inc. is a Delaware Corporation with its principal place of business at 1275 Harbor Bay Parkway, Alameda, CA 94502.  UTStarcom manufactures for sale and/or sells mobile handsets and/or other products compliant with the CDMA2000 standard and/or the 802.11 standards.  UTStarcom may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul St., Dallas, TX  75201.

4. Upon information and belief, Defendant LG Electronics Mobilecomm U.S.A., Inc. is a California Corporation with its principal place of business at 10101 Old Grove Road, San Diego, California 92131.  Upon information and belief, Defendant LG Electronics, Inc. is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the country of Korea with its principal place of business at LG Twin Towers 20 Yeouido-dong, Yeongdeungpo-gu, Seoul, Korea.  LG Electronics Mobilecomm U.S.A., Inc. manufactures for sale and/or sells mobile handsets and/or other products compliant with the CDMA2000 standard and/or the 802.11 standards.  Upon information and belief, Defendants LG Electronics Mobilecomm U.S.A., Inc. and LG Electronics, Inc. are commonly owned by the same corporate entity and are alter egos and/or agents of one another.  LG may be served with process by serving its registered agent, Alan K. Tse, 10101 Old Grove Road, San Diego, California 92131.

5. Upon information and belief, Defendant Personal Communications Devices is a Delaware Limited Liability Company with its principal place of business at 555 Wireless Blvd., Hauppauge, New York 11788. Personal Communications Devices manufactures for sale and/or sells mobile handsets and/or other products compliant with the CDMA2000 standard and/or the 802.11 standards. Personal Communications Devices may be served with process by serving its registered agent, Corporation Service Co., 80 State Street, Albany, New York 12207.

## JURISDICTION AND VENUE

6. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the State of Texas. Each Defendant, directly or through intermediaries (including distributors, retailers, and others), imports, ships, distributes, offers for sale, sells, and advertises (including the provision of an interactive web page) its products in the United States, the State of Texas, and the Eastern District of Texas. Each Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas. These infringing products have been and continue to be purchased by consumers in the Eastern District of Texas. Each Defendant has committed the tort of patent infringement within the State of Texas and, particularly, within the Eastern District of Texas.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I: PATENT INFRINGEMENT

10. On July 23, 2002, the United States Patent and Trademark Office duly and legally issued the '802 Patent, entitled "Multicode Direct Sequence Spread Spectrum" after a full and fair examination. Wi-LAN is the assignee of all rights, title, and interest in and to the '802 Patent and possesses all rights of recovery under the '802 Patent, including the right to recover damages for past infringement.

11. The '802 Patent is valid and enforceable.

12. On January 25, 1994, the United States Patent and Trademark Office duly and legally issued the '222 Patent, entitled "Method and Apparatus for Multiple Access Between Tranceivers in Wireless Communications Using OFDM Spread Spectrum" after a full and fair examination. Wi-LAN is the assignee of all rights, title, and interest in and to the '222 Patent and possesses all rights of recovery under the '222 Patent, including the right to recover damages for past infringement.

13. The '222 Patent is valid and enforceable.

14. Upon information and belief, Motorola has been and is now infringing, directly and/or indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '802 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling mobile handsets and/or other products compliant with the CDMA2000 standard and/or the 802.11 standards that fall within the scope of at least one claim of the '802 Patent.

15. Upon information and belief, Motorola has been and is now infringing, directly and/or indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '222 Patent in this District and

elsewhere by making, using, offering for sale, importing, and/or selling mobile handsets and/or other products compliant with the 802.11 standards that fall within the scope of at least one claim of the '222 Patent.

16. Upon information and belief, UTStarcom has been and is now infringing, directly and/or indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '802 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling mobile handsets and/or other products compliant with the CDMA2000 standard and/or the 802.11 standards that fall within the scope of at least one claim of the '802 Patent.

17. Upon information and belief, UTStarcom has been and is now infringing, directly and/or indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '222 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling mobile handsets and/or other products compliant with the 802.11 standards that fall within the scope of at least one claim of the '222 Patent.

18. Upon information and belief, LG has been and is now infringing, directly and/or indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '802 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling mobile handsets and/or other products compliant with the CDMA2000 standard and/or the 802.11 standards that fall within the scope of at least one claim of the '802 Patent.

19. Upon information and belief, LG has been and is now infringing, directly and/or indirectly by way of inducement and/or contributory infringement, literally and/or

under the doctrine of equivalents, the '222 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling products compliant with the 802.11 standards that fall within the scope of at least one claim of the '222 Patent.

20. Upon information and belief, Personal Communications Devices has been and is now infringing, directly and/or indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '802 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling mobile handsets and/or other products compliant with the CDMA2000 standard and/or the 802.11 standards that fall within the scope of at least one claim of the '802 Patent.

21. Upon information and belief, Personal Communications Devices has been and is now infringing, directly and/or indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '222 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling products compliant with the 802.11 standards that fall within the scope of at least one claim of the '222 Patent.

22. Wi-LAN has no adequate remedy at law against Defendants' acts of infringement, and, unless Defendants are enjoined from their infringement of the '802 Patent and the '222 Patent, Wi-LAN will suffer irreparable harm.

23. Many of the Defendants have had knowledge of the '802 Patent and the '222 Patent but have not ceased their infringing activities. These Defendants' infringement of the '802 Patent and the '222 Patent has been and continues to be willful and deliberate. All the Defendants have knowledge of the '802 Patent and the '222

Patent by way of this complaint and to the extent they do not cease their infringing activities their infringement is and continues to be willful and deliberate.

24. Wi-LAN is in compliance with the requirements of 35 U.S.C. § 287.

25. Defendants, by way of their infringing activities, have caused and continue to cause Wi-LAN to suffer damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Wi-LAN prays for the following relief:

1. A judgment in favor of Wi-LAN that Defendants have infringed, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '802 Patent and the '222 Patent;

2. A permanent injunction, enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '802 Patent and the '222 Patent;

3. Award to Wi-LAN the damages to which it is entitled under 35 U.S.C. § 284 for Defendants' past infringement and any continuing or future infringement up until the date Defendants are finally and permanently enjoined from further infringement, including both compensatory damages and treble damages for willful infringement, and order a full accounting of same;

4. A judgment and order requiring Defendants to pay the costs of this action (including all disbursements), as well as attorneys' fees as provided by 35 U.S.C. § 285;

5. Award to Wi-LAN pre-judgment and post-judgment interest on its damages; and

6. Such other and further relief in law or in equity to which Wi-LAN may be justly entitled.

## **DEMAND FOR JURY TRIAL**

Wi-LAN demands a trial by jury of any and all issues triable of right before a jury.

DATED:  August 31, 2009                    Respectfully submitted,

                                                  McKool Smith, P.C.

/s/ Sam Baxter
Sam Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Robert A. Cote
rcote@mckoolsmith.com
399 Park Ave., Suite 3200
New York, NY 10022
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

ATTORNEYS FOR PLAINTIFF WI-LAN INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2009, a true and correct copy of the foregoing THIRD AMENDED COMPLAINT was filed electronically with the Clerk of the Court using CM/ECF System. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                  By:     /s/ Michael G. McManus
                                                          Michael G. McManus